Robert M. Waxman (SBN 89754)
    rwaxman@ecjlaw.com
David N. Tarlow (SBN 214050)
    dtarlow@ecjlaw.com
Jason L. Haas (SBN 217290)
    jhaas@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone:  (310) 273-6333
Facsimile:    (310) 859-2325

Attorneys for Plaintiff
VIZIO, INC., a California corporation

Jeff K. Joyner (SBN CA 180485)
*joynerj@gtlaw.com*
Daniel Tyukody (SBN CA 123323)
*tyukodyd@gtlaw.com*
Robert H. Gruber (SBN CA 301620)
*gruberr@gtlaw.com*
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendant
LeECO V. LTD.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>LeECO V. LTD., an exempted company with limited liability incorporated under the laws of the Cayman Islands; LeECO GLOBAL GROUP LTD., a corporation organized and existing under the laws of the People's Republic of China; LELE HOLDING, LTD., a British Virgin Islands Personal Holding Company; | CASE NO.  8:17-CV-01175-DOC-JDE<br><br>**JOINT RULE 26(f) REPORT**<br><br>JUDGE:  Hon. David O. Carter<br>Ctrm:  9D<br><br>Scheduling Conf.:  April 2, 2018<br>Time:                   8:30 a.m.<br>Dept:                   9D |

1

JOINT RULE 26(f) REPORT

CASE NO.  8:17-CV-01175-DOC-JDE

LA 133568702

1    YUETING JIA, an individual; and
2    DOES 1 through 10,

3                    Defendants.

4    _____

5    LeECO V. LTD.

6                    Counter-Claimant,

7         vs.

8    VIZIO, a California corporation,

9                    Counter-Defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.  8:17-CV-01175-DOC-JDE
JOINT RULE 26(f) REPORT

LA 133568702

## Report of the Parties' Conference Pursuant to F.R.C.P 26(F)(2)

Pursuant to Rule 26(f) and Local Rule 26-1, a meet-and-confer session was held on Monday, March 12, 2018 between Jeff Joyner, Daniel Tyukody and Alana Srour of Greenberg Traurig, counsel for Defendant and Counter-Claimant  LeEco V. Ltd. ("LeEco") and David Tarlow and Robert Waxman, counsel for Plaintiff and Counter-Defendant Vizio Inc. ("Vizio"). LeEco and Vizio (collectively "Parties"), by and through their undersigned attorneys, jointly submit this Rule 26(f) Report).

### 1. Summary of the Case and of Claims and Defenses.

**Vizio's Position**

*Short Factual Summary of the Case*

This action arises out of two agreements between VIZIO, Inc. ("VIZIO") on the one hand, and LeEco V. Ltd. ("LeEco") on the other hand.  In the first of the two agreements (the "Merger Agreement"), which was signed in July 2016, LeEco agreed to pay $2.25BB ($2,250,000,000) to acquire VIZIO in a merger that was ultimately set to close on April 6, 2017.  LeEco was unable to close on the deal, obligating it to pay VIZIO a $100 million break-up fee.  Rather than pay this amount, LeEco and the other Defendants fraudulently induced VIZIO into signing a new agreement (the "Framework Agreement"), in which VIZIO essentially agreed to trade the $100 million termination fee, in its entirety, for a $40 million cash payment on execution of the new Agreement, a second payment of $10 million within 45 days, and a 50% stake in a joint venture with LeEco in China worth tens of millions of dollars to VIZIO.  Key terms for the joint venture—including LeEco's promise to contribute non-cash assets with a verified fair market value of $50 million to the venture without any matching contribution by VIZIO—were set forth in the Framework Agreement, but, in addition, LeEco committed to negotiate in good faith and execute a formal joint venture agreement within 45 days.  Unfortunately, LeEco had no intent to fulfill its new promises.  From the day the Framework Agreement was signed, LeEco refused to substantively negotiate with VIZIO during the required time frame.

LeEco further refused to release the second $10 million payment.  Accordingly, VIZIO filed this action on July 11, 2017 to recover $60 million in contract and tort damages.

*Plaintiff VIZIO, Inc.'s Claims*

VIZIO has brought claims against Defendants, and each of them (including LeEco's alter egos), for Breach of the Framework Agreement, Fraud Underlying the Framework Agreement, Negligent Misrepresentation Underlying the Framework Agreement, Promissory Estoppel, Rescission of the Framework Agreement, and In the Alternative, a Cause of Action against LeEco. for Breach of the Merger Agreement.

*Counter-Defendant VIZIO Inc.'s Defenses*

VIZIO has moved to dismiss the First and Third Counterclaims of Defendant LeEco pursuant to Fed. R. Civ. P. 12(b)(6).  Therefore, VIZIO, Inc. has not pleaded any defenses as of this time, but will do so once it has been determined which Counterclaims exist, if any.

**LeEco's Position**

*Short Factual Summary of the Case*

In LeEco's view, this should be a relatively simple case, limited to whether there was a breach of an enforceable obligation under an April 5, 2017 "Framework, Termination, and Mutual General Release Agreement" (the "Framework Agreement" or "FA").  The Framework Agreement has two very different and severable components: First, upon the payment of $40 million by LeEco to Vizio, which Vizio acknowledges receiving, the Framework Agreement unequivocally settled and released all potential claims arising under a July 6, 2016 "Agreement and Plan of Merger" (the "Merger Agreement" or "MA") pursuant to which LeEco was to acquire Vizio.  Second, the Framework Agreement outlines some, but not all, of the principles for a "proposed" joint venture in China between Vizio and LeEco (the "China JV").

The language in the Framework Agreement concerning the settlement and release of all claims under the Merger Agreement is clear and unequivocal.  In exchange for $40 million, Vizio released all claims relating to the (a) "negotiation or entry into the Merger

Agreement," (b) "any breach … of the Merger Agreement," and (c) "the termination of the Merger Agreement." FA § 6.2. As such, Vizio's second through sixth causes of action in Vizio's operative First Amended Complaint ("FAC") must be dismissed. Count six on its face is for breach of the Merger Agreement—the very issue Vizio settled in exchange for $40 million—and counts two through five consist of various fraud based theories that relate to the "termination of the Merger Agreement."

Vizio says it was induced by fraud to enter into the Framework Agreement, but what Vizio's calls "fraud" merely consists of LeEco disagreeing with Vizio's contractual interpretation of the Framework Agreement.  While LeEco believes that its interpretation of the Framework Agreement is correct, even if the Court were to accept Vizio's interpretation, the appropriate remedy would not be to resurrect the Merger Agreement, but rather to apply the appropriate contractual remedies for a breach of the Framework Agreement.

Vizio  incorrectly alleges that the Framework Agreement automatically entitles it to $10 million currently held in escrow, if the parties did not reach agreement on all of the terms that would have been necessary to form the China JV within 45 days of the Framework Agreement's signing.  As LeEco has argued in its motion to dismiss, which is currently pending before the Court, the actual language of the Framework Agreement does not support Vizio's interpretation.  Instead, the release of the $10 million in escrow is dependent only on the "execution of the JV Agreement." FA § 1.1.  That has not happened, and Vizio asserts that it has no interest in pursuing the proposed China JV.

Regarding the China JV, LeEco filed a compulsory Counterclaim against Vizio that, among other things, asks the Court for a declaratory relief determination that the terms pertaining to the China JV in the Framework Agreement do not create an enforceable contractual obligation, and instead constitute an unenforceable "agreement to agree."  LeEco also filed an alternatively plead Counterclaim contending that if the Framework Agreement contains an enforceable obligation, Vizio failed to negotiate in

JOINT RULE 26(f) REPORT

LA 133568702

good faith and use reasonable efforts to form the China JV.  Vizio has opposed LeEco's Counterclaim by filing a motion to dismiss certain counts in the Counterclaim, including the declaratory relief claim, where among other things Vizio argues that the terms regarding the China JV are sufficiently definite to create an enforceable obligation.  As of this writing, LeEco has not yet responded to Vizio's motion to dismiss (which has a hearing date of April 23, 2018).  The Court has pending before it (and has taken under submission) LeEco's fully briefed motion to dismiss Vizio's second through sixth causes of action in the FAC, and in just a few weeks it will have the complete briefing regarding Vizio's motion to dismiss LeEco's first and third Counterclaim.

The decision whether to limit this case to a breach of the Framework Agreement, or expand it so as to resurrect all of the "released claims" pertaining to the Merger Agreement, has implications for the pre-trial schedule as follows:

- the size and complexity of this case, particularly the costs of discovery and the length of trial;
- expert discovery as to why the merger did not get consummated because it did not gain the approval of the Chinese government;
- issues involving service in foreign countries; and
- the need for cooperation from foreign authorities, travel to China, and translation issues.

If the case is primarily limited to good faith of both parties negotiating the China JV, it will be orders of magnitude simpler, shorter, and much more cost- and trial-time efficient than the case Vizio apparently envisions.  It would also be just as it would give full force and effect to a settlement agreement entered into by sophisticated parties advised by sophisticated counsel that clearly eliminated all of Vizio's merger related claims.

In addition, as set forth in Mr. Yueting Jia's and LeLe Holding Ltd.'s motions to dismiss, Vizio's recent attempts to expand the pool of defendants here—in particular

JOINT RULE 26(f) REPORT
*LA 133568702*

Vizio's attempt to add Mr. Yueting Jia and LeLe Holding Ltd.—should be rejected.

*LeEco's Counter-Claims*

LeEco has brought compulsory counter-claims against Vizio for Breach of the Framework Agreement and Declaratory Relief.

*LeEco's Defenses*

LeEco has moved to dismiss Vizio's second through sixth causes of action made against it in Vizio's operative FAC pursuant to Fed. R. Civ. P. Rules 8, 9(b) and 12(b)(6). Therefore, LeEco has not plead any defenses as of this time, but will do so once it has been determined which claims exist.

## 2. **Synopsis of the Principal Issues in the Case.**

**Vizio's Position**

- Whether LeEco ever substantively negotiated the terms of a Joint Venture Agreement with VIZIO, Inc. in good faith under the Framework Agreement.
- Whether LeEco ever intended to perform the terms of the Framework Agreement at the time that it entered into same.
- Whether LeEco was required to release the $10 million second payment to VIZIO under the Framework Agreement.
- Whether the Framework Agreement should be rescinded due to the Defendants' fraudulent inducement of VIZIO to enter into same.
- If the Framework Agreement is rescinded, whether LeEco breached the terms of the Merger Agreement by its failure to pay VIZIO the full $100M breakup fee.

**LeEco's Position**

- Did the Framework Agreement settle and release all claims relating to the "termination of the Merger Agreement" such that counts two through six of Vizio's FAC should be barred, and if so, is LeEco entitled to its attorneys' fees pursuant to the Framework Agreement?

CASE NO.  8:17-CV-01175-DOC-JDE
JOINT RULE 26(f) REPORT
LA 133568702

- If there was a breach of an enforceable term in the Framework Agreement, is the resurrection of settled claims under the Merger Agreement the appropriate remedy for that breach?

- Are the proposed terms for the China JV in the Framework Agreement sufficiently clear and definite as to their principal terms such that they are capable of being enforced and non-speculative damages awarded? or, are those terms merely an unenforceable "agreement to agree"?

- Do the sections of the Framework Agreement that relate to the China JV contain an enforceable contractual obligation to negotiate in good faith, and if so, did Vizio, LeEco, or both of them violate that obligation?

- If either or both of Vizio and LeEco violated a duty to negotiate in good faith, what is the appropriate remedy in light of the fact that Vizio has said it is no longer interested in pursuing the China JV, and Section 9.8 of the Framework Agreement contemplates "Specific Performance" as the remedy for that breach?

- What should happen to the $10 million currently held in escrow, given that Vizio has stated it no longer has any interest in pursuing the China JV, and the only term for the release of that money in the Framework Agreement is the "execution of the JV agreement"?

- If the Court determines that the Framework Agreement did not release all claims that could have been pursued for a breach of the Merger Agreement, the following additional issues would be relevant:

  o What was the primary reason for the Chinese government's decision not to approve of the merger?

  o Can Vizio's show that it was defrauded by what it calls the "$2.25 Billion Financing Promises"?

  o What evidence supports Vizio's allegation that LeEco had a "secret plan" to use the merger's announcement in order to obtain access to Vizio's large corporate clients and confidential client information (as referenced in

paragraph 15 of the FAC), and what information (if any) did LeEco actually obtain and how was it misused by LeEco to disadvantage Vizio?

o   What were the specific acts that gave rise to each of the reasons that Vizio offered in its March 30, 2017 termination letter (reference among other places at paragraph 29 of the FAC), that purportedly entitled Vizio to terminate the Merger Agreement?

o   What facts support Vizio's attempt to impose alter-ego liability?

**3.   Additional Parties or Amendment of Pleadings.**

If the Court were to determine that any part of LeEco's Counterclaim was insufficiently plead, LeEco would seek to cure the deficiency by amending its Counterclaim.  Neither Vizio nor LeEco intends to add any other party at this time.

**4.   Statement Regarding Issues It Believes May Be Determined by Motion and List of Motions.**

LeEco believes that some or all of its claims may be resolved on a Motion for Judgment on the Pleadings and/or a Motion for Summary Judgment.  Vizio believes that some or all of its claims may all be resolved on a Motion for Summary Judgment.  The Parties request that they be permitted to move for summary judgment or adjudication to be heard on dates earlier than the final motion cut-off date, if the Court is also amenable to such a procedure.

**5.   Settlement Discussions and Recommend Settlement Procedure.**

The parties have had no substantive settlement discussions.  The parties are amenable to private mediation.

**6.   Discovery Plan.**

The Parties agree that phased discovery is needed in this action and believe that fact discovery should be completed prior to expert discovery.  Limitations on discovery should be in accordance with the Federal Rules.  The Parties anticipate entering into a proposed protective order regarding confidentiality to facilitate the production of certain documents.

The Parties are negotiating the terms.  The Parties are negotiating the procedure for the production of electronically stored information.

**7. Trial.**

Trial by Jury.  The decision whether to limit this case to a breach of the Framework Agreement, or expand it so as to include all of the claims pertaining to the Merger Agreement, has enormous implications on the length of trial.

**8. Complexity and Applicability of Procedures Set Forth in Manual for Complex Litigation.**

The Parties currently cite no portion of the Manual for Complex Litigation, Fourth (2004) (the "Manual") as appropriate for this case. The Parties will continue to meet and confer on this issue and will advise the Court of those sections of the Manual that they believe are applicable.

**9. Initial Disclosures.**

Initial disclosures will be served pursuant to F.R.C.P. 26.

**10. Proposed Schedule.**

- **Fact Discovery Cut-off:** December 14, 2018
- **Initial Expert Disclosures**: January 28, 2019
- **Rebuttal Expert Disclosures**: February 27, 2019
- **Expert Discovery Cut-Off**: March 29, 2019
- **Deadline to file MSJ to allow additional time for briefing**: April 29, 2019. Briefing Schedule as follows:
  - o **Deadline for Moving Party to File Brief**: April 29, 2018
  - o **Deadline for Opposing Party to File Opposition Brief**: May 27, 2019
  - o **Deadline for Moving Party to File Reply Brief Reply**: June 10, 2019
- **Final Motion Cut-off (Hearing Date/ MSJ Hearing Dates):** Monday June 24, 2019
- **Final Pretrial Conference:** Monday, August 5, 2019
- **Trial:** Tuesday, August 13, 2019

**11. <u>Other Matters.</u>**

The Parties are presently not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED:  March 19, 2018          ERVIN COHEN & JESSUP, LLP


By :/s/ David N. Tarlow
    Robert M. Waxman
    David N. Tarlow
    Attorneys for Plaintiff VIZIO, INC., a California
    corporation

*Per L.R. 5-4.3.4(a)(2)(i), Plaintiff's counsel attests that Vizio has concurred in this filing's content and has authorized the filing.*


DATED:  March 19, 2018          GREENBERG TRAURIG, LLP


By :/s/ Daniel Tyukody
    Jeff K. Joyner
    Daniel Tyukody
    Attorneys for Defendant and Counter-Claimant
    LeECO V. LTD.