Robert M. Waxman (SBN 89754)
  rwaxman@ecjlaw.com
David N. Tarlow (SBN 214050)
  dtarlow@ecjlaw.com
Jason L. Haas (SBN 217290)
  jhaas@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Plaintiff VIZIO, INC., a California corporation

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LeECO V. LTC., an exempted company with limited liability incorporated under the laws of the Cayman Islands; LeECO GLOBAL HOLDING LTD., a/k/a LE GLOBAL GROUP LTD., a corporation organized and existing under the laws of the People's Republic of China; and DOES 1 through 10,<br><br>Defendant. | Case No. 8:17-CV-01175-DOC-JDE<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PROVIDE RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS WITHOUT OBJECTIONS**<br><br>The Hon. David O. Carter<br><br>Date:          May 17, 2018<br>Time:          10:30 a.m.<br>Courtroom:  6B |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Plaintiff's RFPs Are Neither Early Discovery Requests Nor Otherwise "Premature"

In the Joint Stipulation, Defendants disingenuously argue that Plaintiff's Requests for Production of Documents (Set One) ("RFPs") constitute "Early Rule 34 Requests" and that Defendants were not required to respond to those RFPs, since they are "premature" discovery requests under the Court's January 10, 2018 Order Setting Scheduling Conference [Docket No. 54]. This wild assertion is ostensibly predicated on the 12(b)(6) motions filed by Defendants to dismiss some of the claims in Plaintiff's First Amended Complaint ("FAC"). Defendants arguments are factually and legally incorrect.

On November 20, 2017, Defendant LeEco V. Ltd. ("LeEco") filed its Motion to Dismiss the 2nd through 6th Claims for Relief. [Docket Nos. 47 and 47-1] Plaintiff filed well-reasoned opposition on December 4, 2017. [Docket No. 50] This Opposition makes short shrift of the wild notion that each or any of the 2nd through 6th Claims for Relief are somehow deficient. While that determination is solely for the District Judge to make, to the extent that this Court believes that it also must examine the issue, Plaintiff respectfully requests that it take judicial notice and review that Opposition [Docket No. 50] along with the Oppositions that it filed to the two other Motions to Dismiss [Docket Nos. 68 and 68-1, 70, 70-1, 71, 71-1, and 71-2]. *See Skellerup Industries Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 601 (C.D. Cal. 1995) ("Lastly, for the Magistrate Judge to make a preliminary finding of the likelihood of success on the [pending] motion to dismiss [to determine whether to stay discovery] would circumvent the procedures for resolution of such a motion.")

The Court took LeEco's initial 12(b)(6) Motion under submission on January

3, 2018 and it is still pending. [Docket No. 53].[1] Then, on January 10, 2018, the Court issued the Order Setting Scheduling Conference (the "Order"). [Docket No. 54] That Order instructs that "[u]nless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, the Court encourages the parties to begin discovery *before the Scheduling Conference.*" (Emphasis added). In short, authorizing the parties to immediately commence discovery without any express limits attached.

However, LeEco now asserts that since its 12(b)(6) Motion was pending when the Order was made, that must mean the subject discovery is somehow premature or that there was a likelihood the Court would have so ruled. Wrong. First, the Court was well aware of the pending 12(b)(6) Motion when it issued the Order. The Court would certainly not have authorized discovery without any express limits attached if it believed the 12(b)(6) Motion negatively impacted the discovery process. *Vista del Sol Health Care Services, Inc. v. NLRB*, 2014 WL 12631660*2 (C.D. Cal., Morrow, J.) (noting that "if the Federal Rules contemplated that a motion to dismiss under Rule 12(b)(6) would stay discovery, they would have explicitly so stated "[such that] finding a stay of discovery [would be] directly at odds with the need for expeditious resolution of litigation.") Second, it is axiomatic that a 12(b)(6) motion does not ordinarily warrant a protective order or stay on discovery in the Ninth Circuit. *Turner Broadcasting System, Inc., v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nevada 1997) ("To show good cause in the Ninth Circuit, the moving party must show more than apparently meritorious 12(b)(6) claim [since] a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.") That is because "[w]here a party claims that dismissal is likely, it requires the Court to make a preliminary

---

[1] So too, are the two Motions to Dismiss subsequently brought by other defendants. [Docket No. 89].

finding of the likelihood of success on the Motion [and] this would circumvent the procedures for the resolution of such a motion." (*Id.*, citing *4 J. Moore, Federal Practice* § 26.70[2], at 461.) *Accord, Twin City Fire Ins. Co. v. Employers Ins. of Wassau,* 124 F.R.D. 652, 653 (D. Nevada 1989) (denying motion to stay discovery while 12(b)(6) motion was pending). Third, LeEco never made a motion for stay or protective order, which is required "[w]here a dispute arises regarding the appropriateness of discovery pending a motion to dismiss", regardless of whether the challenge is jurisdictional or otherwise. *Brown v. Stroud,* 2010 WL 3339524*2, n. 3 (N.D. Cal.) Instead, LeEco took it upon itself to act as judge and jury when it deliberately decided not to seek a protective order, timely object or otherwise respond to the RFPs despite having been alerted by Plaintiff to the Order and that LeEco's responses would soon be due; *i.e.,* culpable conduct by a sophisticated corporate defendant that is the antithesis of good cause. *Cf.,* Docket No. 31, p. 6.

Nor do the RFPs constitute Early Rule 34 Requests. Pointedly, Plaintiff's RFPs were made pursuant to *Fed. R. Civ. P.* 26(d)(1) and 34, which permits a party to seek discovery before the *Fed. R. Civ. P.* 26(f) conference pursuant to **court order**. In contrast, early Rule 34 Requests are those propounded pursuant to *Fed. R. Civ. P.* 26(d)(2) and 34, which can be made by any party more than 21 days after service of the Summons and Complaint, but are not deemed served until the Rule 26(f) conference. Plaintiff served its RFPs pursuant to *Fed. R. Civ. P.* 26(d)(1), not 26(d)(2). As the RFPs were served as authorized by **court order** under *Fed. R. Civ. P.* 26(d)(1) and 34, the time to respond was the 30 days from service mandated by *Fed. R. Civ. P.* 34(b)(2), *i.e.,* February 14, 2018. Accordingly, Defendants' belated response on April 11, 2018 was untimely, as well as a waiver of all objections.

II. **Defendants Have Waived Any Objections Which They May Have Had To Plaintiff's RFPs**

It is well settled that "[f]ailure to respond to a Rule 34 request within the time permitted waives all objections, including privilege and work product absent an

1 | extension of time to respond or a showing of good cause." *E.E.O.C. v. Kovacevich*
2 | *"5" Farms*, 2007 WL 1599772 * 11 (E.D. Cal.). *See Richmark v. Timber Falling*
3 | *Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). *See also Mission Capital Works,*
4 | *Inc. v. SC Restaurants, Inc.*, 2009 WL 4895315 * 3 (S.D. Cal.). *See also Davis v.*
5 | *Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). To show good cause, "[C]ourts have
6 | insisted on a particular and specific demonstration of fact, as distinguished from
7 | conclusory statements." *Twin City Fire Ins. Co., supra*, 124 F.R.D. *653.
8 | Defendants do not come close to such a showing.
9 |     First, no extension was requested or given. Second, there is not a scintilla of
10 | evidence to show that Defendants had good cause for not timely responding to the
11 | RFPs. Pointedly, Defendants have not provided any declaration under penalty of
12 | perjury setting forth the reasons why they or their counsel somehow could have
13 | believed that the Order did not require them to participate in discovery prior to the
14 | Rule 26(f) conference, let alone whether they even read or relied upon it in not
15 | responding to discovery. Not only is the declaration submitted by Defendants'
16 | counsel unsigned, but in addition, it makes no mention of the Order. That is not
17 | surprising. As set forth above, the filing of a motion to dismiss ordinarily has no
18 | effect on discovery and in any event the law requires that the party attempting to
19 | avoid discovery while such a motion is pending, must seek a stay or protective
20 | order. Third, the Defendants' conduct was culpable, *i.e.*, they made a deliberate
21 | decision not to respond within 30 days despite being alerted to the Order by Plaintiff
22 | and warned that the responses would soon be due; *i.e.*, this was not a simple
23 | calendaring error which led to a one day or five day delay as was the case in the two
24 | Northern District cases cited by Defendants. *Karr v. Napolitano*, 2012 WL
25 | 1965855*6 and *Kanawi v. Bechtel Corp.*, 2008 WL 4642168*1. Nor was it like
26 | *Brown v. Stroud*, where the recalcitrant party actually filed the required motion for
27 | protective order while a motion to dismiss was pending. Instead, Defendants
28 | intentionally waited almost 60 days from the due date to serve their discovery

responses. Conduct which is very unlike the unexplained delayed response of two weeks by a former inmate in the *Batts v. County of Santa Clara* decision upon which Defendants rely (2010 WL 1027990*1 (N.D. Cal), but fits squarely within *Brown's* admonishment that but for the motion for stay "[b]y failing to serve timely discovery responses without a discovery stay in place, Stroud engaged in extremely risky behavior which could well have resulted in a waiver." 2010 WL 333952*2.[2]

### III. The Substance Of The Requests Are Not At Issue

Defendants spent an inordinate number of pages in the Joint Stipulation arguing that most of the RFPs are premature because they deal with issues subject to their Motion to Dismiss. However, this discovery motion only concerns the relief for the untimely responses of Defendants, not the substance of any requests; a fact that even Defendants admit in footnote 10, ln 27 of the Joint Stipulation, to wit: "[T]he issue is whether Defendants waived their objections."

### IV. Conclusion

No good cause exists for Defendants' untimely responses to the RFPs. Defendants should not be granted any relief from their waivers of objections due to their intentional, and frankly, contumacious behavior.[3]

---

[2] Defendants finally responded to the RFPs after Plaintiff had sent over its portion of the underlying Joint Stipulation. Indeed, almost 60 days late. Those responses nevertheless violated *Fed. R. Civ. P.* 34 (b)(2)(C) because they interposed objections that had long been waived, while at the same time, not bothering to indicate whether any documents were actually being withheld pursuant to those untimely objections.

[3] Due to the page limit of the Supplemental Brief, Plaintiff apologizes for not addressing each issue it wished to address herein, such as the fact that when Defendants advised Plaintiff that its introductory statement in the Joint Stipulation was too long, Plaintiff requested the parties stipulate to revise Plaintiff's portion by putting content in a footnote in order to cut it down to 3 pages without changing the content at all, but Defendants denied the request.

| | |
|---|---|
| DATED: May 3, 2018 | ERVIN COHEN & JESSUP LLP<br>Robert M. Waxman<br>David N. Tarlow<br>Jason L. Haas<br><br>By:  /s/ Robert M. Waxman<br>       Robert M. Waxman<br>       Attorneys for Plaintiff VIZIO, INC., a<br>       California corporation |

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 9401 Wilshire Boulevard, Ninth Floor, Beverly Hills, CA 90212-2974.

On May 3, 2018, I served true copies of the following document described as **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PROVIDE RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS WITHOUT OBJECTIONS** on the interested parties in this action as follows:

Jeff K. Joyner
joynerj@gtlaw.com
Daniel Tyukody
tyukodyd@gtlaw.com
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 3, 2018, at Beverly Hills, California.

/s/ *Teresa M. Castelli*
Teresa M. Castelli