UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01175-DOC (JDEx) | Date | May 11, 2018 |
|---|---|---|---|
| Title | Vizio Inc., v. LeEco V. Ltd., et al., | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order Denying Motion to Compel [Dkt. 90]

I.
INTRODUCTION

On April 20, 2018, Plaintiff and Counter-Defendant Vizio, Inc. ("Plaintiff") filed a Motion to Compel Responses to Requests for Production of Documents Without Objections (Dkt. 91, "Motion"), together with a Joint Stipulation (Dkt. 90, "Jt. Stip."). In the Motion, Plaintiff moves to compel Defendants and Counterclaimants LeEco V. Ltd. and LeLe Holding, Ltd. (collectively "Defendants") to respond to Requests for Production of Documents (collectively, "Requests") without objections on the ground that Defendants did not timely serve their responses to the Requests (collectively, "Responses"). Jt. Stip. at 2-5. Plaintiff also seeks unspecified monetary sanctions. Id. at 20-21. Defendants argue that their Responses were timely filed. Id. at 6-8. On May 3, 2018, Plaintiff filed a Supplemental Memorandum. Dkt. 94 ("Supp.").

This matter is fully briefed and the Court finds the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Civil Rule of Court 7-15. As such, the hearing scheduled for May 17, 2018 at 10:00 a.m. is taken off calendar. For the reasons set forth below, the Motion is DENIED.

II.
DISCUSSION

On January 10, 2018, the District Court entered an Order Setting Scheduling Conference (Dkt. 54 ("Order")) in this action, ordering, in part:

**I. Initial Disclosures** [¶] Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, the Court encourages the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01175-DOC (JDEx) | Date | May 11, 2018 |
| Title | Vizio Inc., v. LeEco V. Ltd., et al., | | |

parties to begin discovery before the Scheduling Conference. The parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

Order at 2 (bold in original).

On January 12, 2018, Plaintiff served the Requests upon Defendants by U.S. mail. Jt. Stip. at 3; Dkt. 90-2, Declaration of David. N. Tarlow, Exh. A at 27 and Exh. B at 52. The parties held their conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") on March 12, 2018. Jt. Stip. at 25. Defendants served the Responses on April 11, 2018. Jt. Stip. at 21; Exh. 2 at 131 and Exh. 3 at 259.

Plaintiff contends that Defendants' Responses were due to be served by no later than February 15, 2018 pursuant to Rule 34. Jt. Stip. at 3. Defendants contend that the Responses were timely served on April 11, 2018 because the Requests were "Early Rule 34 Requests" under Rule 26(d)(2) and thus were not deemed served until March 12, 2018, the date of the Rule 26(f) conference, making service of the Responses due 30 days later, that is, by April 11, 2018, the date they were served. Jt. Stip. at 17, 22.

Absent stipulation or contrary court order, written responses to requests for production under Rule 34 must be served within 30 days of service of the requests. Rule 34(b)(2)(A). However, Rule 26(d)(1) precludes parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Rule 26(d)(2) provides a limited exception to the general discovery timing limitation by permitting "Early Rule 34 Requests," which permit a party to deliver a Rule 34 request for production on another party at least 21 days after service of the summons and complaint on a party, which is then deemed served at the first Rule 26(f) conference. Rule 26(d)(2).

The limitations set forth in Rule 26(d) regarding the timing of discovery do not apply to mandatory initial disclosures under Rule 26(a), which must be made, absent exemption, at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order or a party objects to initial disclosures at the Rule 26(f) discovery conference. Rule 26(a)(1)(C). Although Rule 26(a)(1)(C) sets a limit on when Rule 26(f) disclosures must be made, nothing precludes parties from making disclosures earlier.

The primary issue raised by the Motion is: Were the Requests "Early Rule 34 Requests." If they were, the Responses were timely. If, however, the Requests were Rule 34 requests authorized to be propounded before the Rule 26(f) conference by the Order, then it appears the Responses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01175-DOC (JDEx) | Date | May 11, 2018 |
|---|---|---|---|
| Title | Vizio Inc., v. LeEco V. Ltd., et al., | | |

were untimely.[1] Plaintiff's argument is: (i) the Rule 26(d)(1) discovery timing limitation does not apply when discovery is authorized by court order; (ii) the Order "expressly ordered that the parties could immediately start discovery"; (iii) therefore, the Requests are not Early Rule 34 Requests. Jt. Stip. at 18-19.

Having considered the arguments and evidence submitted by the parties, the Court takes issue with the second proposition in Plaintiff's syllogism and finds that the Requests are Early Rule 34 Requests; as a result, the Responses were timely served on April 11, 2018, 30 days after the March 12, 2018 Rule 26(f) conference.

First, the Court notes that the heading of the Order in which the operative language is found is, in bold, "**Initial Disclosures**." This section of the Order expressly references only Rule 26(a), does not purport to refer to Rule 26(d), and does not expressly state that it is altering the timing provisions of Rule 26(d). Thus, the express language does not purport to alter Rule 26(d)'s timing limitations.

Second, examining the "**Initial Disclosures**" Section of the Order as a whole, it evinces an intent to encourage the parties to cooperate in connection with those "initial disclosures" and specifically orders the parties to "comply fully with the letter and spirit of Rule 26(a)." Order at 2. In fact, that directive is the only affirmative directive in this section of the Order. The Court's "encourage[ment]" of the parties, in the context of discussing initial disclosures and directing full compliance with Rule 26(a), is not consistent with an intent to alter the application of a separate portion of Rule 26.

Third, even were the Order's "encourage[ment]" interpreted as an Order to commence discovery, the encouragement was only to "begin discovery before the Scheduling Conference." As set forth in the Order, the Scheduling Conference was to take place <u>at least</u> twenty-one days <u>after</u> the parties' Rule 26(f) conference. Order at 2, § II. Thus, even taken as a directive to begin discovery before the Scheduling Conference, such a directive is not at odds with Rule 26(d)(1), which only limits discovery prior to the Rule 26(f) conference, not the Scheduling Conference, and the Order's encouragement to do so does not run contrary to Rule 26(d) and does not indicate an intent to alter the otherwise application timing limitations therein.

Fourth, courts generally only "permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." <u>In re Countrywide Fin. Corp. Derivative Litig.</u>, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); <u>Semitool Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause exists 'where the need for expedited discovery, in consideration of

---

[1] The Court recognizes that Defendants present other arguments that are not contingent on a finding that the Requests are Early Rule 34 Requests, and Plaintiff contests those arguments; however, because the Court finds that the Requests are Early Rule 34 Requests, the Court declines to reach those other arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01175-DOC (JDEx) | Date | May 11, 2018 |
|---|---|---|---|
| Title | Vizio Inc., v. LeEco V. Ltd., et al., | | |

the administration of justice, outweighs the prejudice to the responding party.'" In re Countrywide, 542 F. Supp. 2d at 1179 (quoting Semitool, Inc., 208 F.R.D. at 276). In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). The District Court here had discretion to permit expedited discovery before the Rule 26(f) conference. This Court has reviewed the docket in this action and it does not appear that any party requested expedited discovery or attempted to make a showing of good cause warranting expedited discovery. This fact is not in and of itself dispositive; rather, this Court uses the lack of a request for expedited discovery by any party or a proffer of good cause by any party for expedited discovery as a guide in interpreting the intent of the Order.

Thus, the language of the Order, the context of the Order, and the surrounding circumstances, all lead to the conclusion that the Order was not intended to and did not alter the otherwise applicable limitations on the timing of discovery set forth in Rule 26(d)(1). As a result, the Court finds that the Requests constituted Early Rule 34 Requests under Rule 26(d)(2), meaning Responses to the Requests were due to be served by no later than 30 days after the March 12, 2018 Rule 26(f) conference, that is, by April 11, 2018, the date the Responses were served. The Responses were not untimely.

The Motion, including the request for monetary sanctions, is DENIED.

IT IS SO ORDERED.

Initials of Clerk:   mba