Jeff K. Joyner (SBN CA 180485)
*joynerj@gtlaw.com*
Daniel Tyukody (SBN CA 123323)
*tyukodyd@gtlaw.com*
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendants,
LeECO V. LTD AND LELE HOLDING, LTD.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LeECO V. LTD., an exempted company with limited liability incorporated under the laws of the Cayman Islands; LeECO GLOBAL GROUP LTD., a corporation organized and existing under the laws of the People's Republic of China; LELE HOLDING, LTD., a British Virgin Islands Personal Holding Company; YUETING JIA, an individual; and DOES 1 through 10,<br><br>    Defendants. | CASE NO.  8:17-CV-01175-DOC-JDE<br><br>**DEFENDANTS LeECO V. LTD AND LELE HOLDING LTD.'S OPPOSED EX PARTE APPLICATION REQUESTING THAT THE COURT HEAR THE PARTIES' DISCOVERY DISPUTE PURSUANT TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER, INSTEAD OF PLAINTIFF'S PROPOSED MOTION TO COMPEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Courtroom:  6A<br>JUDGE:  Hon. John D. Early |
| LeECO V. LTD.,<br><br>    Counter-Claimant,<br><br>v.<br><br>VIZIO, INC., a California corporation,<br><br>    Counter-Defendant. | |

CASE NO.  8:17-CV-01175-DOC-JDE
**DEFENDANTS' EX PARTE APPLICATION TO HEAR DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PRIOR TO PLAINTIFF'S MOTION TO COMPEL**
LA 133754184v1

**TO THE COURT, PLAINTIFF, AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** as soon as the matter may be heard in the courtroom of the Honorable John D. Early, located at the Ronald Reagan Federal Building, in Courtroom 6A of the United States District Court, Central District of California, 411 West Fourth Street, Santa Ana, CA 92701, Defendant and Counterclaimant LeEco V. Ltd. ("LeEco"), and Defendant LeLe Holding, Ltd. ("LeLe" and in combination with LeEco, "Defendants") move *ex parte* for an order setting that the Court hear the Parties' discovery dispute pursuant to Defendants' motion for a protective order, instead of the proposed motion to compel of Plaintiff and Counter-Defendant Vizio, Inc. ("Plaintiff").

Good cause exists to grant Defendant's *ex parte* application as it preserves the parties and the Court's resources, is most efficient, and is in the interests of justice. There is a discovery dispute between the parties that is not resolvable, and that therefore must be presented to the Court in some fashion. Plaintiff wants to do so via a proposed joint stipulation to compel further responses that is repetitive and that weighs in at 324 pages *before* Defendants submit their portion of the proposed joint stipulation (*see* Exhibit A). Defendants want to bring the same issues to the Court's attention via a Motion for a Protective Order to Stay or Limit Discovery (*see* Exhibit B), where its portion of the joint stipulation weighs in at 19 pages before Plaintiff submits their portion.

Pursuant to Local Rule 7-19 and 7-19-1, on July 20, 2018, Defendants' Counsel gave notice of this *ex parte* application and sought to meet and confer. (Declaration of Attashin Safari, ¶¶ 3-4.) Plaintiff's counsel advised they opposed Defendants *ex parte* application. (*Id.*, at ¶ 5.) Counsel for Plaintiff is Robert M. Waxman and David N. Tarlow of Ervin Cohen & Jessup LLP. Address: 9401 Wilshire Blvd, 9th Floor, Beverly Hills, CA 90212. Telephone: (310) 273-6333. Email addresses: rwaxman@ecjlaw.com, dtarlow@ecjlaw.com.

1

**DEFENDANTS' EX PARTE APPLICATION TO HEAR DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PRIOR TO PLAINTIFF'S MOTION TO COMPEL**

LA 133754184v1

This Motion is based on this Notice, the attached Memorandum of Points and Authorities and exhibits attached hereto, and the concurrently-filed Declaration of Attashin Safari.

DATED: July 26, 2018					GREENBERG TAURIG, LLP


						By  /s/ Jeff K. Joyner
						     Jeff K. Joyner
						     Attorneys for Defendant
						     LeECO V. LTD.

2

**DEFENDANTS' EX PARTE APPLICATION TO HEAR DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PRIOR TO PLAINTIFF'S MOTION TO COMPEL**

LA 133754184v1

# MEMORANDUM OF POINTS AND AUTHORITIES

There is a discovery dispute between the Parties that is not resolvable, and that therefore must be presented to the Court in some fashion. The question presented by this *ex parte* application is how that can be best accomplished. Plaintiff wants to do so via a proposed joint stipulation to compel further responses ("Motion to Compel," attached hereto as Exhibit "A")[1] that is repetitive and 324 pages *before* Defendants submit their portion of the proposed joint stipulation—so probably 500-600 pages by the time it's all done. Defendants want to bring the same issues to the Court's attention via the attached Motion for a Protective Order to Stay or Limit Discovery ("Motion to Stay," attached hereto as Exhibit "B"), where its portion of the joint stipulation for its proposed Motion is 19 pages before Plaintiff submits their portion, so roughly 35-40 pages when completed.

The Parties had been discussing the issues addressed in this *ex parte* for some time, with Plaintiff agreeing with Defendants that a Motion to Stay would be the most efficient way to accomplish that. However, while Defendants were preparing their Motion to Stay, Plaintiff "jumped the gun" and served Defendants with Plaintiff's Motion to Compel that addresses the same issues addressed in Defendants' Motion to Stay.

Both approaches deal with the same set of core issues. Defendants object to two categories of documents covered by Plaintiff's requests for production of documents ("Requests")[2]. The first covers a category that Defendants define as the "Merger Related Requests" which cover every conceivable aspect concerning a July 6, 2016 "Agreement and Plan of Merger" (the "Merger Agreement"), pursuant to which one of the Defendants, LeEco V. Ltd. ("LeEco"), was to acquire Plaintiff. That acquisition did not occur, and there ensued a dispute as to whether LeEco was at fault, which LeEco settled by paying Plaintiff *$40 million* pursuant to an April 5, 2017 "Framework, Termination, and Mutual

---

[1] The respective joint stipulations, attached hereto as Exhibit A and B, are attached without their voluminous exhibits and declarations.
[2] Plaintiff Vizio, Inc.'s Request for Production of Documents to Defendant LeLe Holding, LTD. (Set one); Plaintiff Vizio, Inc.'s Request for Production of Documents to Defendant LeEco V. LTD. (Set one).

General Release Agreement" (the "Framework Agreement").  Five of Plaintiff's six causes of action alleged in its First Amended Complaint directly relate to what are defined as "Released Claims" in the Framework Agreement, and the District Court has taken under submission LeEco's fully briefed motion to dismiss the Released Claims (Dkt. No. 47).

The other category of Requests to which Defendants object are the "Financial Information Requests," which are incredibly intrusive requests for literally every piece of paper, or electronic file, over a six-year period from a host of so-called "Affiliates."  The primary purpose of the Financial Information Requests is seemingly to prove that LeEco lacked the financial capacity to accomplish the proposed merger, which is exactly what was settled pursuant to the Framework Agreement.

The other Defendant, LeLe Holding, Ltd. ("LeLe"), was brought into this litigation as an afterthought in Plaintiff's First Amended Complaint.  LeLe has no contacts with this forum, and its motion to dismiss based upon a lack of personal jurisdiction is also fully briefed and pending before the District Court (Dkt. No. 53).

While the filing of a motion to dismiss does not automatically stay discovery, as described in Defendants' proposed Motion to Stay, there is a long line of Ninth Circuit authority supporting a stay pursuant to Fed. R. Civ. P. 26(c) in circumstances like those presented here where a dispositive motion is pending and it is clear that the motion has real substance.

There are 30 Merger Related Requests (i.e., Requests 1-2, 4-29, & 34-35), and there are 30 Financial Information Requests (i.e., Requests 36-65).  Regardless of how the Court ultimately determines the issues presented, Defendants cannot believe than any court would prefer a mechanism where essentially the same argument is repeated 30 times, resulting in a motion that is over 500 pages.  What you get is a "cut and paste" job like Plaintiff's proposed joint stipulation that mistakenly refers to the "*Framework* Agreement" as the "*Franchise* Agreement" **29 times.**  The 29-time repeated mistake clearly demonstrates that Plaintiff had the same argument as to why something should be

4

DEFENDANTS' EX PARTE APPLICATION TO HEAR DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PRIOR TO PLAINTIFF'S MOTION TO COMPEL

LA 133754184v1

produced for nearly every Request, and copied and pasted essentially the same response.

Were Defendants required to respond to and fill in their portion of this voluminous document, the result would only be more of the same. To take LeLe as an example: there is a substantial body of case law holding that most if not all discovery is properly stayed while a substantive personal jurisdiction motion is pending. The same goes for LeEco's arguments that it should not have to respond to Requests that relate to the Merger Agreement after LeEco paid Plaintiff $40 million for an unconditional release of all Merger Agreement related claims, and it has a pending motion to dismiss the claims it had settled. Repeating essentially the same arguments 60 times will not better inform the Court. And it is an immensely wasteful use of resources, as lawyers are required to copy and paste the same material over and over in what is largely a clerical endeavor.

This clerical endeavor cannot be justified by reference to Central District Local Rule 37-2.1, which arguably requires the procedure Plaintiff suggests where the sufficiency of a response is at issue. Here, the issue is not the sufficiency of any particular response, but rather whether any response should be required in the first place regarding issues that LeEco paid $40 million to settle. Similarly for LeLe, the issue is not the sufficiency of any response, but rather the fact that a party with no contacts with the forum, and which has a personal jurisdiction motion pending, should not be required to produce anything because it is not a proper party to the dispute.

And, that enormous endeavor is not limited to the Parties, as the Court would ultimately be faced with the task of wading through 500+ pages that are wholly repetitive. Who would ever want to do that, particularly if there is a reasonable alternative available permitting the Court to address the principal issues as a matter of easily defined categories?

Plaintiff takes the position that Defendants must provide their portion of the joint stipulation for Plaintiff's proposed Motion to Compel *on or before August 1, 2018*. Therefore, Defendants were forced to bring this issue to the Court on an urgent basis in this *ex parte* application, which asks the Court to direct the Parties which approach the

1 Court would prefer. For the foregoing reasons, it is submitted that Defendants' approach
2 encompassed in their Motion to Stay, which addresses all the major issues succinctly and
3 comprehensively, is what any reasonable person would prefer.

Respectfully submitted,

DATED: July 26, 2018

GREENBERG TRAURIG, LLP

By  /s/ Jeff K. Joyner
Jeff K. Joyner
Daniel Tyukody
Attorneys for Defendants
LeECO V. LTD. AND LELE HOLDING LTD.

6

DEFENDANTS' EX PARTE APPLICATION TO HEAR DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER PRIOR TO PLAINTIFF'S MOTION TO COMPEL
LA 133754184v1