Jeff K. Joyner (SBN CA 180485)
joynerj@gtlaw.com
Daniel Tyukody (SBN CA 123323)
tyukodyd@gtlaw.com
GREENBERG TAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendants,
LeECO V. LTD., LELE HOLDING and YUETING JIA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>LeECO V. LTD., an exempted company with limited liability incorporated under the laws of the Cayman Islands; LeECO GLOBAL GROUP LTD., a corporation organized and existing under the laws of the People's Republic of China; LELE HOLDING, LTD., a British Virgin Islands Personal Holding Company; YUETING JIA, an individual; and DOES 1 through 10,<br><br>    Defendants.<br><br>———————————————<br>LeECO V. LTD., LELE HOLDING, LTD., YUETING JIA<br><br>    Counter-Claimants,<br><br>    vs.<br><br>VIZIO, a California corporation,<br><br>    Counter-Defendant. | CASE NO. 8:17-CV-01175-DOC-JDE<br><br>**DEFENDANT LeECO V. LTD.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>JUDGE: Hon. David O. Carter<br>Ctrm: 9D<br>Date Filed: November 6, 2017 |

Defendant LeEco V. LTD., ("Defendant") by its attorneys of record, responds to the allegations of the Second Amended Complaint ("SAC") filed in this action, dated August 10, 2018 as follows:

1. Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of the SAC.

2. Defendant admits the allegations in Paragraph 2 of the SAC.

3. Defendant admits that at all relevant times as alleged in the SAC, Global Group, with an office located in Chaoyang District, Beijing, P.R. China, is a parent company of LeEco, and otherwise denies the allegations of Paragraph 3 of the SAC.

4. Defendant admits that at all relevant times as alleged in the SAC, Mr. Jia owned LeLe Holding, a British Virgin Island holding company with an office located in Chaoyang District, Beijing, P.R., which is the ultimate parent company of LeEco V Ltd., and otherwise denies the allegations of Paragraph 4 of the SAC.

5. Defendant admits that Jia is a citizen of the People's Republic of China and, at all relevant times as alleged in the SAC, he owned LeLe Holding, and he was Global Group's Director, and otherwise denies the allegations of Paragraph 5 of the Complaint.

6. Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the SAC.

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the SAC.

8. Defendant denies the allegations in Paragraph 8 of the SAC.

9. Defendant admits this Court has jurisdiction over this action due to a diversity of citizenship but denies the allegation in Paragraph 9 of the SAC that Global Group is a corporation organized and existing under the laws of the People's Republic of China.

10. Defendant admits the allegations in Paragraph 10 of the SAC.

11. Defendant denies that LeLe Holding was involved in any negotiations with Vizio, or that Jia represented he was negotiating on behalf of anyone other than Global

Group and LeEco V. Defendant admits that during the time period referenced negotiations occurred and otherwise denies the allegations of Paragraph 11 of the SAC.

12. Defendant admits that it made representations including in Section 4.10 of the Merger Agreement regarding "Financing" which speaks for itself, and Defendant otherwise denies the allegations of Paragraph 12 of the SAC.

13. Defendant denies the allegations in Paragraph 13 of the SAC.

14. Defendant denies the allegations in Paragraph 14 of the SAC.

15. Defendant denies the allegations in Paragraph 15 of the SAC.

16. Defendant admits the allegations in Paragraph 16 of the SAC.

17. Defendant denies the allegations in Paragraph 17 of the SAC.

18. Defendant admits that Section 11.7 of the Merger Agreement speaks for itself and otherwise denies the allegations of Paragraph 18 of the SAC.

19. Defendant admits that Section 11.8 of the Merger Agreement speaks for itself and otherwise denies the allegations of Paragraph 19 of the SAC.

20. Defendant admits that Section 9.2 of the Merger Agreement speaks for itself and otherwise denies the allegations of Paragraph 20 of the SAC.

21. Defendant admits that Section 10.2 of the Merger Agreement speaks for itself and otherwise denies the allegations of Paragraph 21 of the SAC.

22. Defendant admits that the amount of fifty million dollars ($50,000,000.00) was deposited into escrow on or about the signing of the Merger Agreement. As to the remaining allegations, Section 10.2 of the Merger Agreement speaks for itself and Defendant otherwise denies the allegations of Paragraph 22 of the SAC.

23. Defendant admits that Section 10.2 of the Merger Agreement speaks for itself and otherwise denies the allegations of Paragraph 23 of the SAC.

24. Defendant denies the allegations in Paragraph 24 of the SAC.

25. Defendant admits the allegations in Paragraph 25 of the SAC.

26. Defendant admits that Sections 10.2 of the Merger Agreement, and Sections 4(a)(iii) and 4(a)(iv) of the Escrow Agreement speak for themselves and otherwise denies the allegations of Paragraph 26 of the SAC.

27. Defendant admits that Section 5 of the Escrow Agreement speaks for itself and otherwise denies the allegations of Paragraph 27 of the SAC.

28. Defendant admits the allegations in Paragraph 28 of the SAC.

29. Defendant denies the allegations in Paragraph 29 of the SAC.

30. Defendant admits that the referenced communication was received and speaks for itself and denies the remaining allegations in Paragraph 30 of the SAC.

31. Defendant admits that the referenced communication was received and speaks for itself and denies the remaining allegations in Paragraph 31 of the SAC.

32. Defendant admits that the merger was not consummated but denies the remaining allegations in Paragraph 32 of the SAC.

33. Defendant admits that following the Termination Notice, settlement discussions occurred, which ultimately resulted in the Framework, Termination and Mutual Release Agreement ("Framework Agreement"), which speaks for itself, and otherwise denies the remaining allegations in Paragraph 33 of the SAC, including but not limited to, denying that LeLe participated in any of these settlement discussions and that anyone participating in the discussions was acting in any capacity on behalf of LeLe.

34. Defendant denies the allegations in Paragraph 34 of the SAC.

35. Defendant admits that LeEco, Merger Sub and Vizio entered into the Framework Agreement as of April 5, 2017, but denies the remaining allegations in Paragraph 35 of the SAC.

36. Defendant admits that Section 1.1 of the Framework Agreement speaks for itself and otherwise denies the allegations of Paragraph 36 of the SAC.

37. Defendant admits that the $40,000,000 sum was released from escrow and paid directly to Vizio concurrently with the execution of and pursuant to the terms of the

Framework Agreement, and denies the remaining allegations in Paragraph 37 of the SAC.

38. Defendant admits that Sections 3 and 4 of the Framework Agreement speak for themselves and otherwise denies the allegations of Paragraph 38 of the SAC.

39. Defendant denies the allegations in Paragraph 39 of the SAC.

40. Defendant admits that Section 9.4 of the Framework Agreement speaks for itself and otherwise denies the allegations of Paragraph 40 of the SAC.

41. Defendant admits that Section 9.6 of the Framework Agreement speaks for itself and otherwise denies the allegations of Paragraph 41 of the SAC.

42. Defendant admits that Sections 7.9 and 9.8 of the Framework Agreement speak for themselves and otherwise denies the allegations of Paragraph 42 of the SAC.

43. Defendant admits that Vizio sent what is characterized as a draft of the China JV to LeEco and otherwise denies the allegations in Paragraph 43 of the SAC.

44. Defendant denies the allegations in Paragraph 44 of the SAC.

45. Defendant denies the allegations in Paragraph 45 of the SAC.

46. Defendant denies the allegations in Paragraph 46 of the SAC.

47. Defendant denies the allegations in Paragraph 47 of the SAC.

48. Defendant admits that on June 9, 2017, Plaintiff sent a demand for payment ("the June 9 Payment Demand"). Defendant denies the remainder of the allegations in Paragraph 48 of the SAC.

49. Defendant admits that the June 9 Payment Demand stated that "since the terms of the Buyer Termination Fee Deposit remain in effect and in any event LeEco has prevented performance, the remaining $10,000,000 Buyer Termination Fee Deposit must be released from escrow and paid to VIZIO forthwith," and enclosed Joint Written Instructions to be signed and returned by LeEco. Defendant denies the legal conclusions incorporated therein. Defendant denies the remainder of the allegations in Paragraph 49 of the SAC.

50. Defendant admits that the June 9 Payment Demand made certain demands that speak for themselves, and otherwise denies the allegations in Paragraph 50 of the SAC.

51. Defendant admits that Vizio sent the referenced June 11, 2017 "Instructions" to Citibank, which speaks for itself. Defendant further admits that the referenced funds remain in escrow. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 51 of the SAC.

52. Defendant admits that Global Group informed the escrow agent that the parties had a dispute and that it did not agree that the $10 million should be released, and otherwise denies remaining allegations in Paragraph 52 of the SAC, including the characterization of such conduct as wrongful.

53. Defendant admits that the referenced June 23, 2017 letter speaks for itself, and otherwise denies the allegations of Paragraph 53 of the SAC.

54. Defendant admits that Section 8 of the Framework Agreement speaks for itself, and otherwise denies the allegations of Paragraph 54 of the SAC.

55. In response to Paragraph 55, Defendant adopts, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1-54 of the SAC.

56. Defendant denies the allegations in Paragraph 56 of the SAC.

57. Defendant denies the allegations in Paragraph 57 of the SAC.

58. Defendant admits the allegations in Paragraph 58 of the SAC.

59. Defendant denies the allegations in Paragraph 59 of the SAC.

60. Defendant denies the allegations in Paragraph 60 of the SAC.

61. Defendant denies the allegations in Paragraph 61 of the SAC.

62. Defendant denies the allegations in Paragraph 62 of the SAC.

63. Defendant denies the allegations in Paragraph 63 of the SAC.

64. Defendant denies the allegations in Paragraph 64 of the SAC.

65. In response to Paragraph 65, Defendant adopts, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1-54, and 56-64 of the SAC.

66. Defendant admits that following the Termination Notice, settlement discussions occurred, which ultimately resulted in the Framework Agreement, which speaks for itself, and otherwise denies the remaining allegations in Paragraph 66 of the SAC, including but not limited to, denying that LeLe participated in any of these settlement discussions and that anyone participating in the discussions was acting in any capacity on behalf of LeLe.

67. Defendant denies the allegations in Paragraph 67 of the SAC.

68. Defendant admits that LeEco, Merger Sub and Vizio entered into the Framework Agreement as of April 5, 2017, but denies the remaining allegations in Paragraph 68 of the SAC.

69. Defendant admits that Section 1.1 of the Framework Agreement speaks for itself and otherwise denies the allegations of Paragraph 69 of the SAC.

70. Defendant admits that the $40,000,000 sum was released from escrow and paid directly to Vizio concurrently with the execution of the Framework Agreement, and denies the remaining allegations in Paragraph 70 of the SAC.

71. Defendant admits that Sections 3 and 4 of the Framework Agreement speak for themselves and otherwise denies the allegations of Paragraph 71 of the SAC.

72. Defendant denies the allegations in Paragraph 72 of the SAC.

73. Defendant admits that Vizio sent what is characterized as a draft of the China JV to LeEco and otherwise denies the allegations in Paragraph 73 of the SAC.

74. Defendant denies the allegations in Paragraph 74 of the SAC.

75. Defendant denies the allegations in Paragraph 75 of the SAC.

76. Defendant denies the allegations in Paragraph 76 of the SAC.

77. Defendant denies the allegations in Paragraph 77 of the SAC.

78. Defendant denies the allegations in Paragraph 78 of the SAC.

79. Defendant denies the allegations in Paragraph 79 of the SAC.

80. Defendant lacks sufficient knowledge to ascertain Plaintiff's purported intention and otherwise denies the allegations in Paragraph 80 of the SAC.

81. In response to Paragraph 81, Defendant adopts, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1-33, 35-44, 48-54, 56-64, 66, and 68-74 of the SAC.

82. Defendant admits that following the Termination Notice, settlement discussions occurred, which ultimately resulted in the Framework Agreement, which speaks for itself, and otherwise denies the remaining allegations in Paragraph 82 of the SAC, including but not limited to, denying that LeLe participated in any of these settlement discussions and that anyone participating in the discussions was acting in any capacity on behalf of LeLe.

83. Defendant denies the allegations in Paragraph 83 of the SAC.

84. Defendant admits that LeEco, Merger Sub and Vizio entered into the Framework Agreement as of April 5, 2017, but denies the remaining allegations in Paragraph 84 of the SAC.

85. Defendant admits that Section 1.1 of the Framework Agreement speaks for itself and otherwise denies the allegations of Paragraph 85 of the SAC.

86. Defendant admits that the $40,000,000 sum was released from escrow and paid directly to Vizio concurrently with the execution of the Framework Agreement, and denies the remaining allegations in Paragraph 86 of the SAC.

87. Defendant admits that Sections 3 and 4 of the Framework Agreement speak for themselves and otherwise denies the allegations of Paragraph 87 of the SAC.

88. Defendant denies the allegations in Paragraph 88 of the SAC.

89. Defendant admits that Vizio sent what is characterized as a draft of the China JV to LeEco and otherwise denies the allegations in Paragraph 89 of the SAC.

90. Defendant denies the allegations in Paragraph 90 of the SAC.

91. Defendant denies the allegations in Paragraph 91 of the SAC.

92. Defendant denies the allegations in Paragraph 92 of the SAC.

93. Defendant denies the allegations in Paragraph 93 of the SAC.

94. In response to Paragraph 94, Defendant adopts, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1-54, 56-64, and 66-77 of the SAC.

95. Defendant admits that following the Termination Notice, settlement discussions occurred, which ultimately resulted in the Framework Agreement, which speaks for itself, and otherwise denies the remaining allegations in Paragraph 95 of the SAC, including but not limited to, denying that LeLe participated in any of these settlement discussions and that anyone participating in the discussions was acting in any capacity on behalf of LeLe.

96. Defendant denies the allegations in Paragraph 96 of the SAC.

97. Defendant admits that LeEco, Merger Sub and Vizio entered into the Framework Agreement as of April 5, 2017, but denies the remaining allegations in Paragraph 97 of the SAC.

98. Defendant admits that Section 1.1 of the Framework Agreement speaks for itself and otherwise denies the allegations of Paragraph 98 of the SAC.

99. Defendant admits that the $40,000,000 sum was released from escrow and paid directly to Vizio concurrently with the execution of the Framework Agreement, and denies the remaining allegations in Paragraph 99 of the SAC.

100. Defendant admits that Sections 3 and 4 of the Framework Agreement speak for themselves and otherwise denies the allegations of Paragraph 100 of the SAC.

101. Defendant denies the allegations in Paragraph 101 of the SAC.

102. Defendant admits that Vizio sent what is characterized as a draft of the China JV to LeEco and otherwise denies the allegations in Paragraph 102 of the SAC.

103. Defendant denies the allegations in Paragraph 103 of the SAC.

104. Defendant denies the allegations in Paragraph 104 of the SAC.

105. Defendant denies the allegations in Paragraph 105 of the SAC.

106. Defendant denies the allegations in Paragraph 106 of the SAC.

107. In response to Paragraph 107, Defendant adopts, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1-54 of the SAC.

108. Defendant admits the allegation in Paragraph 108 of the SAC.

109. Defendant denies the allegations in Paragraph 109 of the SAC.

110. Defendant denies the allegations in Paragraph 110 of the SAC.

111. Defendant admits that the referenced communication was received and denies the remaining allegations in Paragraph 111 of the SAC.

112. Defendant admits that the merger was not consummated but denies the remaining allegations in Paragraph 112 of the SAC.

113. Defendant denies the allegations in Paragraph 113 of the SAC.

114. Defendant denies the allegations in Paragraph 114 of the SAC.

115. Defendant denies the allegations in Paragraph 115 of the SAC.

Prayer for Relief. Defendant denies that Plaintiff is entitled to the relief requested in its SAC or to any other relief whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses. Defendant reserves the right to amend its Answer and to assert additional or different affirmative defenses based upon information or evidence developed in discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's SAC and any purported claims for relief therein fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches Consent and/or Ratification)

Some or all of the claims asserted in the Second Amended Complaint are barred under the doctrines of waiver, estoppel, laches consent and/or ratification.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to mitigate any alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's SAC and any claims therein are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

(Excuse)

Defendant's performance was excused in whole or in part due to Plaintiff's failure to perform its contractual obligations.

### SIXTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Some or all of the claims asserted in the SAC are barred by the doctrine of unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

(Justification)

Some or all of the claims asserted in the SAC are barred because Defendant's conduct was justified.

### EIGHTH AFFIRMATIVE DEFENSE

(Material Breach)

Some or all of the claims asserted in the SAC are barred because Plaintiff has materially breached its obligations under the contract, whether written or oral, express or implied.

### NINTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Some or all of the claims asserted in the SAC are barred because in all of its dealings with Plaintiff under the contract, whether written or oral, express or implied,

10
DEFENDANT LEECO'S ANSWER TO SAC
LA 133770326v13

Defendant has fully complied with and fully performed all of its contractual, legal and other obligations owed to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(Prior Breach)

Some or all of the claims asserted in the SAC are barred by Plaintiff's prior breach.

## ELEVENTH AFFIRMATIVE DEFENSE

(Set Off)

To the extent Plaintiff may be seeking an award of damages based upon the SAC, the supposed damages incurred by Plaintiff, if any, must be set off against and reduced by, any and all amounts of damage attributable to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

(Settlement, Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the settlement or accord and satisfaction of claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant acted reasonably and in good faith in all actions related to the issues raised in the SAC.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

Any or all alleged damages sought in the SAC were not proximately or otherwise caused by any action of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Perform)

Some or all of the claims asserted in the SAC are barred because Plaintiff never performed its contractual obligations.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Intervening Cause)

Plaintiff's claims are barred, in whole or in part, because any alleged damages were not cause by Defendant, but, instead, by intervening and superseding causes or circumstances.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Acts of Others)

Plaintiff's claims are barred, in whole or in part, because any alleged damages were caused by the acts or omissions of third parties for which Defendants are not responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

The prayer in the SAC for an award of punitive damages is barred in whole or in part by the Eighth and Fourteenth Amendment to the United States Constitution, as punitive damages constitute excessive fines. An award of punitive damages would be grossly excessive in relation to a legitimate interest in punishment and deterrence, if any, and would not comport with the constitutional requirements set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and its progeny including *State Farm Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Furthermore, an award of punitive damages requires clear and convincing evidence of fraud, oppression or malice, which showing cannot be made by Plaintiff against Defendant, and therefore, no basis for an award of punitive damages exists.

### NINETEENTH AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

Plaintiff cannot recover against Defendant on any of the claims alleged in the Second Amended Complaint because its own actions or inactions were the sole, proximate, and legal cause of any injuries or damage they allegedly suffered.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Reliance)

Plaintiff's claims are barred in whole or in part because Plaintiff did not actually, reasonably, or justifiably rely to its detriment on any purported representations by Defendant.

### TWENTY- FIRST AFFIRMATIVE DEFENSE

(Bad Faith)

Plaintiff's claims are barred in whole or in part by its own bad faith conduct.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff cannot recover against Defendant on any of the claims alleged in the Second Amended Complaint because it is barred by the equitable doctrine of estoppel.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

Plaintiff is barred from seeking equitable relief because Plaintiff now has, and at all times alleged in the Second Amended Complaint has had, an adequate remedy at law.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

(Impossibility of Performance)

Plaintiff is prevented from pursuing a breach of the Agreement by virtue of the doctrine of impossibility of performance.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

(Frustration of Purpose)

Plaintiff is prevented from pursuing a breach of the Agreement by virtue of the doctrine of frustration of purpose.

### ADDITIONAL DEFENSES

Some or all of the claims asserted in the SAC are not asserted with sufficient clarity to enable Defendant to determine what additional defenses may exist to Plaintiff's claims. Defendant, therefore, reserves the right to assert all other defenses that may pertain to the claims asserted in the SAC.

**WHEREFORE**, Defendant, prays that judgment be entered as follows:

1. That Plaintiff take nothing by reason of its Second Amended Complaint; and
2. That the Second Amended Complaint be Dismissed with Prejudice; and
3. For attorney's fees and costs incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: August 24, 2018         GREENBERG TRAURIG LLP

By: */s/ Jeffrey Joyner*
Jeffrey Joyner
Daniel Tyukody
Attorneys for Defendants and Counter-Claimants, LeECO V. LTD., LELE HOLDING and YUETING JIA