Robert M. Waxman (SBN 89754)
  rwaxman@ecjlaw.com
David N. Tarlow (SBN 214050)
  dtarlow@ecjlaw.com
Jason L. Haas (SBN 217290)
  jhaas@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Plaintiff VIZIO, Inc., a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LeECO V. LTC., an exempted company with limited liability incorporated under the laws of the Cayman Islands; LeECO GLOBAL HOLDING LTD., a/k/a LE GLOBAL GROUP LTD., a corporation organized and existing under the laws of the People's Republic of China; and DOES 1 through 10,<br><br>Defendant.<br><br>LeECO V. LTD.,<br><br>Counter-Claimant,<br><br>vs.<br><br>VIZIO, INC., a California corporation,<br><br>Counter-Defendant. | Case No. 8:17-CV-01175-DOC-JDE<br><br>The Hon. David O. Carter, District Judge<br><br>The Hon. John D. Early, Magistrate Judge<br><br>**PLAINTIFF VIZIO, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF BOB YE [DOCKET NO. 115-3] IN SUPPORT OF LELE HOLDING, LTD.'S, AND YUETING JIA'S JOINT MOTION FOR A PROTECTIVE ORDER, TO BIFURCATE ALTER EGO ALLEGATIONS AND STAY RELATED DISCOVERY OR, IN THE ALTERNATIVE, TO LIMIT DISCOVERY**<br><br>Date:       November 15, 2018<br>Time:       10:00 a.m.<br>Courtroom: 6A |

14676.8:9370332.1                                                              8:17-CV-01175-DOC-JDE
PLAINTIFF VIZIO, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF BOB YE

Plaintiff VIZIO, Inc., a California corporation, hereby objects to the Declaration of Bob Ye [Dkt No. 115-3] dated September 26, 2018, as follows:

| EXCERPT OF DECLARATION OF BOB YE | EVIDENTIARY OBJECTION | COURT'S RULING ON OBJECTION |
|---|---|---|
| Page 0, Lines 15-18, Paragraph 4.<br><br>LeEco and Vizio later entered into the Framework, Termination and Mutual General Release Agreement (the "Framework Agreement") dated as of April 5, 2017 that sought to resolve the parties' dispute over the Merger Agreement. | Lack of Foundation.  FRE 602.  This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _<br>_____<br><br>Overruled: _____ |
| Page 1, Lines 1-10, Paragraph 7<br><br>Jia is a Chinese entrepreneur and businessman who has been referred to in the media as the "Steve Jobs of China." Jia holds interests in numerous distinct entities in a wide variety of industries, including, but not limited to, website interactive technologies, software, broadcasting, media, smart phones, smart televisions, Bluetooth speakers, gaming, virtual reality, cloud technology, sports venue technologies and electric vehicles ("Jia Various Business Interests"). For example, Jia founded the publicly traded company Leshi Internet Information & Technology Corp. Beijing ("Leshi"), which was known as the "Netflix" of China at the time of the Merger Agreement. Jia's many distinct business interests are organized under separate entities, e.g., a Holding Company, Operating Company, and Contracting Company in each business segment. | Hearsay.  FRE 802.<br><br>Lack of Foundation.  FRE 602.  This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _<br>_____<br><br>Overruled: _____ |
| Page 1, Lines 11-18, Paragraph 8<br><br>The corporate structure (the "LeEco-Vizio TV Corporate Structure") for the LeEco-Vizio TV business is as follows:<br><br>a. Holding Company of Business: LeEco, which was formed to engage in the transaction with Vizio and be the holding company for the new operating company.<br><br>b. Business Operations Company: Vizio, which was to become the operating | Lack of Foundation.  FRE 602.  This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is | Sustained: _<br>_____<br><br>Overruled: _____ |

| EXCERPT OF DECLARATION OF BOB YE | EVIDENTIARY OBJECTION | COURT'S RULING ON OBJECTION |
|---|---|---|
| company that would conduct the business of producing and offering for sale the LeEco-Vizio TVs. | testifying about. | |
| Page 1, Lines 22-25, Paragraph 10<br><br>LeLe does not fall within the LeEco-Vizio TV Corporate Structure. LeLe is not the direct parent company of either the contracting party LeEco nor LeEco's holding company Global Group. LeLe holds other Jia Various Business Interests unrelated to the LeEco/Vizio TV business. | Lack of Foundation. FRE 602. This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _____<br><br>Overruled: _____ |
| Page 2, line 17 to Page 3, line 6, Paragraph 14<br><br>Determining precisely how many entities are included in Vizio's definition of "Affiliate" would be a time consuming and costly process. The Requests identify numerous "Persons," including LeEco, Global Group, LeLe, Jia, Merger Sub, Le Technology, Inc., and LeEco Real Estate Group LLC, whose ownership interests determine the number of Affiliates implicated by the Requests. These "Persons" are based in the Cayman Islands, the People's Republic of China, the British Virgin Islands, California, and Delaware. Each of these "Persons" potentially owns stock or membership interests in other business entities that would be deemed "Affiliates," and those "Affiliates" in turn potentially own interests in other business entities that would need to be analyzed to confirm whether they too are "Affiliates" under Vizio's definition. Like the "Persons" identified in the Requests, the known "Affiliates" are based in many countries throughout the world, including for example Hong Kong, Singapore, India, and the United States, but likely including many other countries. LeEco's corporate documents and the local laws of each country would need to be reviewed by attorneys in those jurisdictions to determine whether LeEco can obtain the corporate organization and management documents of each "Person" and each potential "Affiliate" from such | Lack of Foundation. FRE 602. This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _____<br><br>Overruled: _____ |

| EXCERPT OF DECLARATION OF BOB YE | EVIDENTIARY OBJECTION | COURT'S RULING ON OBJECTION |
|---|---|---|
| companies or the government agencies overseeing the formation of companies in those countries to determine if they fall within Vizio's definition of "Affiliates." | | |
| Page 3, line 15-25, Line 15:<br><br>With respect to LeEco, the definition of the term "Affiliates" captures at least 80 separate legal entities based on LeEco's review of available information around the time the parties were operating under the Merger Agreement. The number of "Affiliates" of LeLe and Jia is also at least the same 80 entities because LeEco's "Affiliates" would also be LeLe's and Jia's "Affiliates" under Vizio's definition. Other than the handful of companies that fall within the LeEco-Vizio TV Corporate Structure, none of these "Affiliates" are subsidiaries of LeEco nor were they holding or operating the LeEco-Vizio TV business. While LeEco conducted a diligent review of relevant and accessible documents to determine the number of "Affiliates" under Vizio's definition, the actual number is likely to be higher than 80 entities because the "Affiliates" of the "Persons" identified in the Requests include entities that are held in part by third-party investors. LeEco lacks information sufficient to determine whether these third-party investors own more than "20% of the stock or membership interests" in the relevant "Affiliates," and are, therefore, themselves "Affiliates" of LeEco. Additionally, LeEco lacks information to determine if the third-party investors may hold at least 20% of the stock or membership interests in other business entities and, therefore, cannot determine if any such other business entities are "Affiliates" of LeEco. As a result, LeEco is unable to determine the complete universe of entities potentially implicated by the Requests and could not be certain of whether it would fully comply with the Requests | Lack of Foundation. FRE 602. This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _____<br><br>Overruled: _____ |
| Page 3, line 26 to Page 5, line 17, Paragraph 16:<br><br>The Requests would impose an enormous burden if LeEco and LeLe were required to produce all responsive documents of over 80 "Affiliates" implicated by the | Lack of Foundation. FRE 602. This conclusory statement without any detail is | Sustained: _____<br><br>Overruled: |

| EXCERPT OF DECLARATION OF BOB YE | EVIDENTIARY OBJECTION | COURT'S RULING ON OBJECTION |
|---|---|---|
| Requests. The Alter Ego Requests and Financial Requests demand all documents from all "Persons" identified in the Requests and their Affiliates, going back as far as January 1, 2012, relating to the following 20 broad categories:<br><br>(1) all corporate formation, organization, and governance documents (RFP 36),<br><br>(2) the identities of all officers, directors, and equity holders (RFP 37),<br><br>(3) all equity, partnership, or membership interests (RFP 38);<br><br>(4) all agreements governing the purchase, transfer, or rights to any interest in the target entities (RFP 39),<br><br>(5) all Board of Director or Manager agendas, minutes, and corporate resolutions (RFP 40);<br><br>(6) all shareholder or member agendas, minutes, or meetings (RFP 41);<br><br>(7) all voting and operating agreements (RFP 42);<br><br>(8) all contracts of any kind among Defendants' or their Affiliates (RFP 43);<br><br>(9) all representations by Defendants and/or the Affiliates that they are part of a unit (RFP 44);<br><br>(10) the location of headquarters and all operational facilities (RFP 45);<br><br>(11) all employees (RFP 46); and<br><br>(12) all employees, managers, consultants, and independent contractors shared among Defendants and their Affiliates (RFP 47).<br><br>(13) any monies transferred among Defendants and their Affiliates (RFP 48);<br><br>(14) all loan agreements by Defendants or their Affiliates on behalf of Defendants, Le Technology, or LeEco Real Estate Group LLC ("LREG") (RFP 49);<br><br>(15) their capitalization at formation and from 2012 forward (RFP 50);<br><br>(16) all financial statements and analyses, including earnings statements, profit and loss statements, balance sheets, and financial summaries (RFP 51); | insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | _____ |

| EXCERPT OF DECLARATION OF BOB YE | EVIDENTIARY OBJECTION | COURT'S RULING ON OBJECTION |
|---|---|---|
| (17) all quarterly and annual audits (RFP 52); <br> (18) all assets in excess of $100,000 after July 1, 2016 (RFP 53); <br> (19) all liabilities in excess of $100,000 after July 1, 2016 (RFP 54); and <br> (20) all efforts to transfer ownership in any assets after July 1, 2016, (RFP 55). | | |
| Page 5, lines 8-10, Paragraph 17 <br><br> Producing documents from at least 80 entities relating to these 20 categories would produce 1,600 document sets, each containing potentially hundreds or thousands of documents. | Lack of Foundation. FRE 602. This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _____ <br><br> Overruled: _____ |
| Page 5, lines 11-28, Paragraph 18 <br><br> The process of identifying, collecting, reviewing, translating, and producing the documents would be extremely time consuming and costly. As previously noted, identifying the complete universe of "Affiliates" is a burdensome task, which is only the beginning of the process. Many of the "Affiliates," as well as those Affiliates' documents, are located in foreign jurisdictions. Collecting the documents would require creating, maintaining, and organizing a central repository of materials from at least 80 entities. It would also require analysis of dozens of countries' blocking statutes, state secrecy laws (e.g., the State Secrets Act of the People's Republic of China), privacy laws (e.g., the General Data Protection Regulation), intellectual property laws, employment laws, and other laws governing the dissemination of documents located in foreign jurisdictions for use in litigation within the U.S. Many of the potentially responsive documents are written in foreign languages. The documents would need to be translated into English at great cost so they could be reviewed for relevance by LeEco's attorneys in the United States. For example, | Lack of Foundation. FRE 602. This conclusory statement without any detail is insufficient to demonstrate that the witness has personal knowledge as to what he is testifying about. | Sustained: _____ <br><br> Overruled: _____ |

ERVIN COHEN & JESSUP LLP

| EXCERPT OF DECLARATION OF BOB YE | EVIDENTIARY OBJECTION | COURT'S RULING ON OBJECTION |
|---|---|---|
| Defendants have spent approximately $100,000 in translating costs to date related to Requests other than the Alter Ego and Financial Requests. The translation costs required to comply with the Alter Ego and Financial Requests could reach over $500,000. That estimated amount does not include the fees that would be much higher for LeEco's attorneys' review of hundreds of thousands of documents to confirm whether they are non-privileged responsive documents. | | |

DATED: October 12, 2018        ERVIN COHEN & JESSUP LLP
                                                Robert M. Waxman
                                                David N. Tarlow
                                                Jason L. Haas


                                        By: /s/ Robert M. Waxman
                                                Robert M. Waxman
                                                Attorneys for Plaintiff VIZIO, Inc., a
                                                California corporation